# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY H. STATTON, | Case No. CV-13-104-JPH |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 17. Attorney Dana Chris Madsen represents plaintiff (Carstens). Special Assistant United States Attorney Jeffrey Eric Staples represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 17.

## JURISDICTION

Statton applied for supplemental security income (SSI) benefits on June 11, 2010 alleging disability beginning January 1, 2002 (Tr. 151-57). At the hearing

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

onset was amended to the protective filing date of June 11, 2010 (Tr. 66). The claim was denied initially and on reconsideration (Tr. 102-05, 111-12 ). Administrative Law Judge (ALJ) Marie Palachuk held a hearing September 20, 2011. Statton, represented by counsel, and medical and vocational experts testified (Tr. 65-99). On October 17, 2011, the ALJ issued an unfavorable decision (Tr. 24-37 ). The Appeals Council denied review (Tr. 1-6). Statton appealed pursuant to 42 U.S.C. §§ 405(g) on March 13, 2013 ECF No. 1, 5.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the decisions below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Statton was 51 years old at onset and 53 at the hearing. He earned a GED while in prison and has worked as a landscaper, roofer and carpet layer. He last worked in 2002, as a carpet layer, but stopped due to knee and elbow problems. His doctor prescribed physical therapy but it made him feel worse. He has problems with his ankles, back and left shoulder. He takes medication for sleep problems, GERD, and anxiety (Tr. 79-89, 94, 164, 358).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one, the ALJ found Statton did not work at substantial gainful activity levels after onset (Tr. 26). At steps two and three, she found Statton suffers from degenerative disc disease (DDD) with scoliosis of the thoracolumbar spine, degenerative joint disease of the bilateral knees and ankles, hepatitis C, gastroesophageal reflux disease (GERD), obesity, marijuana use, pain disorder and mood disorder with elements of anxiety and depression, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 26, 29). ALJ Palachuk

1  found Statton less than fully credible. She assessed an RFC for a range of light work

2  (Tr. 30). At step four, she found Statton is unable to do any of his past relevant work

3  (Tr. 36). At step five, the ALJ found he can do other work such as collator operator,

4  laundry worker and pricer/marker (Tr. 37). The ALJ found Statton has not been

5  disabled as defined by the Act since the amended onset ate of June 11, 2010. *Id.*

## ISSUES

Statton alleges the ALJ erred when she weighed the medical evidence. Specifically, he alleges the ALJ should have given more credit to the opinions of examining psychologists Robert Quackenbush, Ph.D., and John Arnold, Ph.D., and agency reviewing psychologist Thomas Clifford, Ph.D. ECF No. 14 at 9, 11-18. With respect to physical limitations, he alleges the ALJ failed to properly weigh the opinions of treating doctor Gabriel Charbonneau, M.D., and examining doctor William Shanks, M.D. ECF No. 14 at 9-11. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm.   ECF No. 17 at 11.

## DISCUSSION

*A. Credibility*

Statton does not address the ALJ's credibility assessment, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008).  He challenges the ALJ's assessment of conflicting medical evidence.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

The court addresses credibility because the ALJ considered it when she weighed the conflicting medical evidence.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing.

ALJ Palachuk relied, in part, on Statton's activities, inconsistent statements, unexplained lack of mental health treatment, unexplained failure to participate in medical care and lack of objective evidence she found him less than credible. Activities such as the ability to prepare simple meals, do laundry, use public transportation, shop for groceries, read, draw and clean a storage shed are inconsistent with claimed severe limitations. Statton told Dr. Arnold that treating doctor Charbonneau is aware of Statton's cannabis use. Statton also told Arnold that he advised Charbonneau he does not want opioid pain killers. The ALJ points out this is untrue. Dr. Charbonneau stopped prescribing narcotic medication after testing showed Statton was using marijuana while on a pain contract, that is, he failed to

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

participate in medical care as directed. Statton saw a mental health professional twice: in May 2011 for intake and August 2011 for mediation follow up. He did not complete physical therapy and was discharged. The provider noted when Statton attended he "displayed poor adherence to education." Complaints of fatigue from hepatitis C were not reported to providers. Statton has not sought treatment for this condition (Tr. 31-33, 35, 237, 261, 327, 402, 415, 422). The ALJ's reasons are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistencies between statements and conduct and the extent of daily activities are properly considered ); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(lack of consistent treatment properly considered); *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)(unexplained noncompliance with medical treatment properly considered), and *Burch*, 400 F.3d at 680 (lack of medical evidence cannot form sole basis for discounting credibility but is a factor properly considered).                .

   *B. Psychological limitations*

   Statton alleges the ALJ's reasons for discounting the opinions of psychologists Quackenbush, Clifford and Arnold are not legitimate. ECF No. 14 at 11-18. The Commissioner responds that the ALJ did not err because she incorporated Clifford's limitations identified in the narrative portion of his report in her RFC. ECF No. 17 at 4-6. Next, the Commissioner responds that the ALJ

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

correctly gave Arnold's first opinion little weight because his conclusions were contradicted by his own clinical findings and inconsistent with other medical evidence. The Commissioner correctly observes that the ALJ's error in relying on the reason for the exam was harmless. ECF No. 17 at 6-8. With respect to the evidence presented for the first time to the Appeals Council but not to the ALJ, the Commissioner answers that this evidence is consistent with the ALJ's RFC and does not warrant a different result. ECF No. 17 at 9-11.

Dr. Quackenbush evaluated Statton in August 2010, about two months after onset (Tr. 357-63). He administered testing and reviewed some medical records. Statton described his mental problems as not "wanting to be around people anymore," and later associated this with his lack of teeth and not yet having been fit for dentures. Statton admitted he smokes "weed once in a while." Dr. Quackenbush diagnosed cognitive disorder NOS (mild neurocognitive disorder) and anxiety disorder NOS. He observed sedentary-type work appears feasible, but deferred to providers. He opined Statton is fully capable of managing funds (Tr. 357-63). Dr. Klein reviewed Dr. Quackenbush's August 2010 report. He noted the test scores show adequate memory. Dr. Klein disagreed with a diagnosis of cognitive disorder, finding no support for it in the record. The ALJ may properly discount opinions that are brief, conclusory and inadequately supported by clinical findings, as well as those that are internally inconsistent. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

1  Cir. 2005). Dr. Klein also opined there is no evidence Statton's daily use of
2  marijuana has diminished his functioning, and there is no indication Statton's
3  anxiety or depressive symptoms have increased to the point of preventing work (Tr.
4  73-78).

5      Dr. Arnold first evaluated Statton May 27, 2011, almost a year after onset. He
6  administered testing. Statton said he used marijuana at least once a day but admitted
7  he had no prescription for medical marijuana. As noted, he told Dr. Arnold he had
8  advised Dr. Charbonneau he did not want opioid pain killers and Charbonneau was
9  aware of the marijuana use. Dr. Arnold indicates Statton was fired from one job,
10 ostensibly, "for not getting along with his boss" (Tr. 402), but Statton stated
11 elsewhere he has no problems with authorities figures or getting along with others
12 (Tr. 192). Statton was pleasant and congenial. Dr. Arnold notes no history of mental
13 health treatment. Results on the MMPI-2RF and MCMI-III were valid and
14 interpretable, but showed a tendency to embellish. Short term memory was deemed
15 adequate; long term memory, relatively good, and concentration adequate. Arnold
16 diagnosed pain disorder, cognitive disorder by history, major depression, recurrent,
17 mild to moderate, anxiety disorder NOS, cannabis use, rule out abuse and antisocial
18 personality disorder. On the checkbox portion of the form, Dr. Arnold opined
19 Statton has numerous severe, marked and moderate limitations  (Tr. 401-09). Dr.
20 Klein testified Statton's diagnoses include marijuana use, pain disorder and mood

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

disorder. After reviewing Dr. Arnold's May 2011 evaluation, Klein opined the ratings on the form were grossly inflated compared with the rest of the report and the rest of the evidence.

The ALJ rejected Dr. Arnold's check box form showing severe and marked limitations because it was inconsistent with the narrative report, and with the rest of the record, as Dr. Klein pointed out. An opinion that is brief, conclusory and inadequately supported by clinical findings is properly rejected, as are opinions that are internally inconsistent. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Dr. Clifford reviewed records. He checked boxes indicating, in relevant part, two moderate limitations: one, in the ability to maintain concentration for extended periods, and two, in the ability to complete a normal workday without interruptions and perform at a consistent pace. In the narrative Clifford opines in part that Statton is able to understand, remember and carry out basic work instructions (Tr. 386-88).

The ALJ weighed Dr. Clifford's report. Statton broadly alleges that the ALJ should have included Clifford's assessed moderate limitations in her hypothetical, but he fails to specifically identify which limitations. ECF No. 14 at 15.

Statton fails to recognize that the ALJ in fact included Clifford's limitations in her RFC and hypothetical. Moderate limitations in (1) the ability to understand, remember and carry out detailed instructions are reflected in the limitation to simple, routine repetitive tasks (Tr. 30, 386) and (2) the ability to interact appropriately

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

with the general public is reflected in the limitation to little or no contact with the general public (Tr. 30, 387). Moderate limitations in the ability to maintain attention and concentration for extended periods, and to complete a normal workday without interruptions and perform at a consistent pace, are reflected in the limitations to simple, routine, repetitive tasks and occasional superficial (defined as non-collaborative) interactions with coworkers (Tr. 30, 386-87). Any error is clearly harmless because the RFC adequately captures Clifford's assessed moderate limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence or pace where the assessment is consistent with restrictions identified in the medical testimony**).** Statton identifies no harmful error in the ALJ's assessment of Dr. Clifford's opinion.

Statton's attorney referred him to Dr. Arnold for re-evaluation about two months after Arnold's first evaluation. This evaluation was conducted on July 8, 2011 (Tr. 431-39). Because this assessment was completed more than two months before the hearing, it is unclear why it was never presented to the ALJ.

Dr. Arnold notes Statton indicated he completed three years of college but did not earn a degree (Tr. 431), a statement that appears nowhere else in the record. Arnold's check box assessment includes marked limitations in the ability to perform effectively with even with limited public contact, and in the ability to maintain

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

appropriate behavior in the work setting  (Tr. 433). He indicates Statton is moderately limited in the ability to understand and perform complex tasks, a limitation incorporated by the ALJ, and in the ability to learn new tasks (Tr. 433). Arnold's narrative, however, is consistent with the RFC assessed by ALJ Palachuk (*cf.* Tr. 30 *with* Tr. 434). The second evaluation does not provide substantial evidence that undermines the ALJ's decision.

*C. Physical limitations*

Statton alleges the ALJ erred when she gave more weight to the opinion of the testifying expert, Alexander White, M.D., than to those of examining doctor William Shanks, M.D., and treating Gabriel Charbonneau, M.D. ECF No. 14 at 9-11. The Commissioner responds that the ALJ's reasons are specific and legitimate. ECF No. 17 at 3.

Orthopedist Dr. Shanks examined Statton on December 18, 2007 – years before onset in June 2010. Statton had worked installing flooring for 24 years and complained of left knee pain and swelling. After he examined Statton and reviewed x-rays and an MRI of the left knee, Dr. Shanks diagnosed a strained anterior cruciate ligament. He opined it should improve with time, not longer than six months, and a brace might help until the strain healed. He opined the condition appeared to preclude Statton from returning to his work installing flooring and vocational help might be needed (Tr. 230-35, repeated at Tr. 276-81 and 314-18).

1    Statton first saw Dr. Charbonneau on September 29, 2008. He diagnosed
2    shoulder pain and cervical strain, and prescribed a muscle relaxer  (Tr. 292-93,
3    repeated at Tr. 301-02 and 328-29). Less than three weeks later, he assessed an RFC
4    for sedentary work. He opined further tests and consultations were needed: a left
5    shoulder x-ray, possibly an MRI and a physical therapy consultation. He opined
6    Statton needs help learning a new trade since installing flooring is no longer an
7    option, and the left shoulder needs workup and treatment (Tr. 284-86, repeated at Tr.
8    288-90 and Tr. 297-99). In April 2010, Dr. Charbonneau notes Statton's
9    participation with medical care was not satisfactory because tests showed he violated
10   his pain management agreement by smoking marijuana while on the contact. As a
11   result, Dr. Charbonneau told Statton he would no longer prescribe narcotics (Tr.
12   327).

13   Dr. White reviewed the record. He testified Dr. Charbonneau assessed an RFC
14   for sedentary work in October 2008, years before the amended onset date of June
15   2010. He notes Dr. Shanks also assessed a sedentary RFC, but it was based on
16   strained ligaments and expected to last only until they healed – six months. Dr.
17   White notes that thereafter records show only that Statton started and then quit
18   physical therapy (Tr. 68-72).

19   These are "specific and legitimate" reasons based on substantial evidence.
20   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)(a treating or examining doctor's

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15

contradicted opinion can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record). An opinion that is brief, conclusory and inadequately supported by clinical findings is properly rejected. *Bayliss*, 427 F.3d at 1216.  The ALJ properly considered all of the evidence when she weighed the conflicting medical opinions. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted).

The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ properly weighed the contradicted evidence of psychological and physical limitations. The record fully supports the assessed RFC. Although Statton alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389,  400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 16

administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 17**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 28th day of February, 2014.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE